# EXHIBIT 58



29 December 2020/jpa/ege

**20910/ASM/JPA (C-20911/ASM)**

**1.** GRUPO UNIDOS POR EL CANAL, S.A. (Panama) **2.** SACYR, S.A. (Spain) **3.** WEBUILD S.P.A. (formerly SALINI-IMPREGILO S.P.A.) (Italy) **4.** JAN DE NUL, N.V. (Belgium) **vs/** AUTORIDAD DEL CANAL DE PANAMA (Panama)

| | | |
|---|---|---|
| <u>Counsel: Juan Pablo Argentato</u> | (Tel: | +33 1 49 53 30 28) |
| <u>Deputy Counsel: Amanda Jiménez Pintón</u> | (Tel: | +33 1 49 53 28 51) |
| | (Fax: | +33 1 49 53 57 79) |
| | (Email: | <u>ica1@iccwbo.org</u>) |

Pierre-Yves Gunter
Anya Marinkovich
BÄR & KARRER SA
12, quai de la Poste
CH-1211 Geneva 11
Switzerland

<em>By email: <u>pierre-yves.gunter@baerkarrer.ch</u><br/><u>anya.marinkovich@baerkarrer.ch</u></em>

Claus von Wobeser
VON WOBESER Y SIERRA, S.C.
Paseo de los Tamarindos 60, 4th floor
Bosques de las Lomas, Cuajimalpa
05120 Mexico City
Mexico

<em>By email: <u>cvonwobeser@vwys.com.mx</u></em>

Robert Gaitskell
KEATING CHAMBERS
10 Essex Street
London WC2R 3AA
United Kingdom

<em>By email: <u>rgaitskell@keatingchambers.com</u></em>

Carolyn B. Lamm
Francis A. Vasquez, Jr.
Hansel Pham
Matthew Drossos
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
U.S.A.

<em>By email: <u>clamm@whitecase.com</u>; <u>fvasquez@whitecase.com</u><br/><u>hpham@whitecase.com</u>; <u>mdrossos@whitecase.com</u></em><br/>…/…

CHAMBRE DE COMMERCE INTERNATIONALE — INTERNATIONAL CHAMBER OF COMMERCE (ICC)
COUR INTERNATIONALE D'ARBITRAGE — INTERNATIONAL COURT OF ARBITRATION

www.iccarbitration.org

HEADQUARTERS
33-43 avenue
du Président Wilson
75116 Paris, France
T +33 (0)1 49 53 28 28
F +33 (0)1 86 26 67 43
E arb@iccwbo.org

ASIA OFFICE (HKSAR)
Room 102, 1/F., West Wing,
Justice Place, 11 Ice House
Street, Central, Hong Kong
T +852 3954 9504
F +852 2523 1619
E ica8@iccwbo.org

NORTH AMERICA OFFICE
in affiliation with SICANA, Inc.
140 East 45th Street, Suite 14C
New York, NY 10017, USA
T +1 646 699 5704
F +1 646 737 9467
E ica9@iccwbo.org

BRAZIL OFFICE
in affiliation with SCIAB LTDA.
rua Surubim, 504, Brooklin Novo
CEP 04571-050, Sao Paulo
Brazil
T +55 11 3040 8830
E ica10@iccwbo.org

SINGAPORE OFFICE
in affiliation with SICAS
28 Maxwell Road #02-01,
Maxwell Chambers Suites,
Singapore 069120
T +65 6971 1000
E ica11@iccwbo.org

**20910/ASM/JPA (C-20911/ASM)**                                                                                   **Page 2**

Phillip Capper
Nicolas Bouchardie
Paul Brumpton
Daniel Garton
Alexandra Guilbault
Angélica André
James Holden
Kirsten Odynski
WHITE & CASE LLP
19, Place Vendôme
75001 Paris
France

*By email: pcapper@whitecase.com; nbouchardie@whitecase.com;
pbrumpton@whiease.com; dgarton@whitecase.com
aguilbault@whitecase.com; aandre@whitecase.com; jholden@whitecase.com;
kodynski@whitecase.com; claimants.gupc.20910@whitecase.com*

Ana Maria Legendre Burbano
WHITE & CASE LLP
Paseo de la Castellana, 7
28046 Madrid
Spain

*By email: ana.maria.legendre@whitecase.com*

Antonio Crivellaro
Andrea Carlevaris
Giovanni Minuto
BONELLI EREDE STUDIO LEGALE
Via Michele Barozzi 1
20122 Milan
Italy

*By email: antonio.crivellaro@beplex.com
andrea.carlevaris@belex.com
giovanni.minuto@beplex.com*

Richard Preston
Jeffrey M. Hummel
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
U.S.A.

*By email: rpreston@seyfarth.com
jhummel@seyfarth.com*

Elliott Geisinger
Christopher Boog
SCHELLENBERG WITTMER
15bis, rue des Alpes,
P.O. Box 2088
1211 Geneva 1
Switzerland

*By email: Elliott.Geisinger@swlegal.ch
christopher.boog@swlegal.ch
SW_GUPC_20910@swlegal.ch*

…/…

**20910/ASM/JPA (C-20911/ASM)**                                                                         Page 3

Jorge F. Lee
Anibal Galindo
Eduardo Gomez
Monica Crespo
ALEMAN, CORDERO, GALINDO & LEE
2do piso, Humboldt Tower
Calle 53 Este, Marbella
Panama City
Panama

*By email: mcrespo@alcogal.com*
*jfl@alcogal.com*
*agalindo@alcogal.com*
*egomez@alcogal.com*

R. Perez / C. Iso
A. Sala
P. Moder / M. Perruccio
Ciaran Chesser

*By email: rperez@sacyr.com*
*ciso@sacyr.com*
*asala@cortes-abogados.com*
*p.moder@webuildgroup.com*
*m.perruccio@webuildgroup.com*
*ciaran.chesser@jandenul.com*
*TSolPanamaArbitrage.DAB@jandenul.com*

Nick Henchie / James Loftis
Scott Stiegler / Peter Danysh
Georgina Barlow / Susanna Fidoe
Charles Aitchison / Ben Grunberger-Kirsh
Ciara Ros / Stephanie Archer
Delphine Troquet / Maria Fernández Sánchez
VINSON & ELKINS LLP
20 Fenchurch Street
EC3M 3BY London
UK

*By email: nhenchie@velaw.com*
*jloftis@velaw.com*
*sstiegler@velaw.com*
*pdanysh@velaw.com*
*gbarlow@velaw.com*
*sfidoe@velaw.com*
*caitchison@velaw.com*
*bgrunberger-kirsh@velaw.com*
*cros@velaw.com*
*sarcher@velaw.com*
*dtroquet@velaw.com*
*mfernandez@velaw.com*

…/…

**20910/ASM/JPA (C-20911/ASM)**  Page 4

Raid Abu-Manneh
Kwadwo Sarkodie
MAYER BROWN INTERNATIONAL LLP
201 Bishopsgate
London EC2M 3AF
United Kingdom

*By email: rabu-manneh@mayerbrown.com*
*ksarkodie@mayerbrown.com*

Andrés Jana
BOFILL MIR & ALVAREZ JANA
Av. Andrés Bello 2711
Piso 8, Torre Costanera, Las Condes
Santiago 7550611
Chile

*By email: ajana@bmaj.cl*

Manus McMullan QC
Christopher Lewis
Peter Land
ATKIN CHAMBERS
Gray's Inn
London WC1R 5AT
United Kingdom

*By email: mmcmullan@atkinchambers.com*
*clewis@atkinchambers.com*
*pland@atkinschambers.com*

Carlos Arrue Montenegro
Karla Arias
ACP Section for Legal Advice on Contracts, Canal Expansion Program
Edificio 739, Corozal Oeste
Panama
Republic of Panama

*By email: caarrue@pancanal.com*
*karias@pancanal.com*

Dear Mesdames and Sirs,

At its session of 17 December 2020, the International Court of Arbitration of the International Chamber of Commerce ("Court") decided, *inter alia*:

1. that the challenge filed against all the members of the arbitral tribunal is admissible (Article 14(3));

2. to reject the challenge on the merits (Article 14(3));

3. to communicate the reasons for the decision on the challenge submitted by Claimants (Article 11(4)).

Following the Secretariat's correspondence of 17 December 2020, the Court's reasons on the challenge are communicated herein.

…/…

**20910/ASM/JPA (C-20911/ASM)**                                                                 Page 5

# REASONS

**Introduction**

The Court examined all submissions filed by the parties and the members of the arbitral tribunal regarding Claimants' challenge dated 28 October 2020, including, *inter alia*, (i) comments filed by each member of the arbitral tribunal on 12 November 2020, (ii) Claimants' submission dated 19 November 2020, (iii) additional comments filed by each member of the arbitral tribunal on 24 November 2020, (iv) Respondent's submission dated 1 December 2020, (v) Claimants' letter dated 14 December 2020, (vi) Respondent's letter dated 15 December 2020, and (vii) final comments filed by each members of the arbitral tribunal on 16 December 2020.

Pursuant to Article 14 of the Rules and the parties' express request for the Court to communicate the reasons for its decision on Claimants' challenge, the Court has agreed to communicate the reasons for its decision.

Claimants allege that each of the arbitrators improperly failed to timely make certain disclosures of professional relationships with, *inter alia*, one of the other arbitrators in this case, counsel in this case and/or an arbitrator in a different related arbitration. Claimants take the view that for each of the relationships they have identified upon their investigation after the Second Partial Award was rendered on 26 September 2020, or that has been disclosed by the arbitrators pursuant to Claimants' letter (in related ICC Case 22466/ASM/JPA) of 15 October 2020, a disclosure should have been made but was not made timely. In any event Claimants allege the relevant professional relationships at issue in themselves justify the challenge against each of the arbitrators. Claimants moreover are of the view that the non-disclosure of the identified professional relationships in totality raises "*issues of principle of fundamental importance for ICC Arbitration*" (Cl. Letter of 14 December 2020). Claimants call into question the arbitrators' "*practices*" and urge the Court to consider whether these can still be "*tolerated in the 21st century*" (idem).

Each of the challenges against each of the arbitrators shall be addressed hereinafter on its own merits under Article 14 of the Rules.

To determine whether the challenges relating to the arbitrators' failures to disclose should be granted, a two pronged test is in order: (i) whether the facts at issue should have been disclosed by the relevant arbitrator (Article 11 of the Rules) and, if so, (ii) whether the facts that the arbitrator failed to disclose are of such a nature that the challenge is well founded. A failure to disclose circumstances that an arbitrator should have disclosed does not *per se* lead to the conclusion the challenge should be granted. An objective test is applied in the context of Article 14 of the ICC Rules.

…/…

**20910/ASM/JPA (C-20911/ASM)**                                                                                       Page 6

**Claimants' challenge against Mr Gunter**

Claimants argue that the arbitral tribunal's president, Mr Gunter has:

1. Failed to disclose his role as arbitrator in three unrelated arbitrations in which Prof Hanotiau also acts or acted as an arbitrator, while Prof Hanotiau sat as president in a related case between the same parties under the same contracts (ICC Case 19962/ASM/JPA) which concluded on 27 July 2017 with a Final Award. Claimants allege the Second Partial Award in ICC Case 20910/ASM/JPA closely follows the findings in the Final Award in the related case, and asserts the relationships in the unrelated arbitrations between Mr Gunter and Prof Hanotiau should have been disclosed timely by Mr Gunter and in any event cause reasonable doubt as to Mr Gunter's independence and impartiality. In their letter of 14 December 2020, Claimants added the allegation that Mr Gunter appeared as counsel before Prof Hanotiau as Chairman in an unrelated arbitration which concluded with a Final Award in 2016 that – Claimants allege – was favorable to Mr Gunter's client.

2. Failed to disclose his role as arbitrator in unrelated ICC Case 24400 in which he sat together with Mr Gaitskell (Respondent's nominated co-arbitrator in this arbitration).

3. Been reluctant to conduct a conflict check with respect to all members of his firm.

*Admissibility with respect to challenge against Mr Gunter*

Claimants allege that the three circumstances complained of became known to them in response to their letter of 15 October 2020 to the (same) arbitrators in ICC Case 22466/ASM/JPA, or have been discovered by them after investigations triggered by the Second Partial Award of 26 September 2020. It is not in dispute that Claimants filed their challenge on 28 October 2020, within 30 days after their receipt of the Second Partial Award on 29 September 2020.

Respondent alleges with respect to circumstances 1 and 2 that Claimants could have requested the disclosures earlier in the proceedings if they had deemed disclosures of the type of professional relationships at issue of relevance.

Under Article 14(2) of the Rules, the admissibility of a challenge is not affected by the question of whether the challenging party could have specifically requested the challenged arbitrator earlier to make disclosures with respect to certain categories of circumstances. Hence, Respondent's corresponding objection to admissibility fails.

Further, Respondent contends that the facts concerning a prior ICC case on which Mr Gunter sat with Prof Hanotiau were part of the public domain. It was only after receipt of the Second Partial Award that Claimants allege to have further performed investigations concerning the existence of professional relations between Mr Gunter and Prof Hanotiau. Under these circumstances, the Court holds the challenge was timely filed and Claimants cannot be deemed to have become aware of the circumstances complained of before the Second Partial Award was received.

With respect to circumstance 3, it is uncontested that the ground is admissible, as it arises out of the responses by Mr Gunter to Claimants' requests since their letter of 15 October 2020.

Thus, the challenge against Mr Gunter is admissible with respect to all three circumstances invoked.

…/…

**20910/ASM/JPA (C-20911/ASM)**                                                                                     Page 7

*Merits of the challenge against Mr Gunter*

As for circumstance 1, Claimants allege that a certain (financial) dependence between Mr Gunter and Prof Hanotiau would have been the consequence of Mr Gunter sitting with Prof Hanotiau in three unrelated cases, and appearing as counsel before him in a fourth case in which allegedly Mr Gunter's client prevailed, improperly affecting Mr Gunter's impartiality and independence *vis-à-vis* the related Final Award that Prof Hanotiau rendered as president. Further, they allege that discussions would have taken place, or could have taken place, between Mr Gunter and Prof Hanotiau on the Panama Canal cases in the context of the unrelated arbitrations, which discussions could or would have improperly affected Mr Gunter's independence and impartiality. In any event, Claimants are of the view that Mr Gunter should have disclosed his professional relationships with Prof Hanotiau, which he failed to do timely.

There is no evidence for any assertion that Mr Gunter and Prof Hanotiau have discussed the Panama Canal arbitrations in the context of the other unrelated arbitrations in which they jointly were involved. Claimants state in paragraph 53 of their letter of 28 October 2020 that the undisclosed appointments "*create, at a minimum, an appearance of possible bias and prejudgment and thus give rise to reasonable doubts as to Mr Gunter's independence and impartiality*". Claimants' allegation that an appearance of possible bias and prejudgment would exist which equates to reasonable doubts as to Mr Gunter's independence and impartiality, is rejected. Mr Gunter and Prof Hanotiau's serving as arbitrators in unrelated arbitrations together might have created a theoretical opportunity for them to discuss issues relevant to the Panama Canal arbitrations, yet this theoretical opportunity of improper communication between them arises at any time whether they are arbitrators together in unrelated arbitrations or not. Claimants' allegation presumes that Mr Gunter and Prof Hanotiau would both have violated, or could have violated, their confidentiality obligations, merely because they encountered each other professionally, which presumption has no basis. The alleged *appearance of possible* bias does not constitute a reasonable doubt as to Mr Gunter's independence or impartiality.

As for the alleged relationship of dependence arising out of the appointments of Mr Gunter and Prof Hanotiau in the unrelated arbitrations and out of Mr Gunter's appearance before Prof Hanotiau in an arbitration as counsel, that has not been established either. It is stated in the record that (i) in an LCIA Arbitration, Mr Gunter was jointly nominated as president by the co-arbitrators (Prof Hanotiau and Mr Radicati di Brozolo); (ii) in ICC Case 22166/DDA, Prof Hanotiau was jointly nominated as president by the co-arbitrators (Mr Gunter and Mr Delebecque); and (iii) in the *Ad-Hoc* Arbitration, Prof Hanotiau was jointly nominated as president by the co-arbitrators (Mr Gunter and Mr Rud). Prof Hanotiau was not solely responsible for any of Mr Gunter's appointments in these cases or *vice versa*. Prof Hanotiau is not an arbitrator in this arbitration, yet in a related arbitration that concluded in 2017. There is no compelling argument why a reasonable doubt as to Mr Gunter's independence in this arbitration would have arisen because of his professional relationships with Prof Hanotiau.

Claimants' view that Mr Gunter should have timely disclosed professional relationships with Prof Hanotiau, the president of the arbitral tribunal in a different but related arbitration, is not supported by the (non-exhaustive) list of disclosable circumstances in the ICC Note, nor is a similar situation contemplated in other sources (non-exhaustively) listing disclosable circumstances. The Court holds that Mr Gunter's relationships with Prof Hanotiau, an arbitrator in a related but different arbitration, were not of such a nature that they "*might ... call into question the arbitrator's independence in the eyes of the parties*" and thus Mr Gunter had no duty to disclose such circumstances.

…/…

**20910/ASM/JPA (C-20911/ASM)**                                                                 Page 8

As for circumstance 2, Mr Gunter sits with Mr Gaitskell in an unrelated ICC arbitration and both did not disclose this fact. Both Mr Gunter and Mr Gaitskell have explained they deemed, and deem, it irrelevant. Regardless of whether the circumstance should or should not have been disclosed, the challenge fails in any event. Claimants' assert that they would or could have discussed the Panama Canal arbitrations in this context without the presence of third arbitrator Mr von Wobeser. There is no evidence for this assertion, and thus, this allegation fails. The mere theoretical opportunity to discuss the matter without the third arbitrator, which may arise in any context, cannot qualify as a reasonable doubt as to Mr Gunter's independence or impartiality.

As for circumstance 3, the Court holds that Mr Gunter's responses to Claimants' letters since the Second Partial Award do not show the alleged reluctance, let alone reluctance of a nature justifying Claimants' challenge on this basis.

In light of the above, Claimants' challenge against Mr Gunter is rejected on the merits.

**Claimants' challenge against Mr Gaitskell**

Claimants argue that Mr Gaitskell has:

1. Not timely disclosed he is sitting with Mr Gunter in unrelated ICC Case 24400.

2. Not timely disclosed that Mr McMullan of Atkin Chambers, counsel for Respondent, is currently representing a party in another arbitration in which Mr Gaitskell is acting as arbitrator. Mr Gaitskell was appointed as president by the two co-arbitrators.

3. Not timely disclosed that Mr White – who is in the same chambers as Mr McMullan but not as Mr Gaitskell – sits with Mr Gaitskell in one or two unrelated arbitrations in one of which Mr White together with the other co-arbitrator appointed Mr Gaitskell as president.

4. Failed to properly conduct a conflict search regarding other members of Mr Gaitskell's chambers – Keating chambers.

*Admissibility of the challenge against Mr Gaitskell*

Respondent alleges the challenges are inadmissible because Claimants could have requested Mr Gaitskell the respective disclosures before the Second Partial Award. As explained above, this point cannot affect the admissibility of the challenge. Respondent has further alleged that Mr White (referred to under circumstance 3) would have been appointed to the relevant tribunal by a party or parties represented by a team of counsel of White & Case, the firm of counsel for Claimants in this arbitration. Respondent seeks to imply knowledge of Claimants' of the circumstance now complained of on this basis. It is not disputed that the counsel team of White & Case involved in both cases differs. Hence, this alleged fact does not, in the Court's opinion, affect the admissibility of the challenge.

…/…

*Merits of the challenge against Mr Gaitskell*

Circumstance 1 fails for the same reason as it did with respect to the challenge of Mr Gunter.

With respect to circumstance 2, pursuant to the ICC Note, an arbitrator should disclose professional relationships with counsel to one of the parties. In this particular case, Mr Gaitskell sits as president of an arbitral tribunal in a case where Mr McMullan, counsel for Respondent, acts for one of the parties. However, the mere fact that counsel for Respondent appeared in one other arbitration before Mr Gaitskell is not such as to cast reasonable doubts as to Mr Gaitskell's continued independence or impartiality. This is not changed by Mr Gaitskell's failure to timely disclose this circumstance.

With respect to circumstance 3, Mr Gaitskell did not have a duty to disclose that a member of the same chambers as Mr McMullan's – Mr White – appointed Mr Gaitskell as president of an arbitral tribunal together with the other co-arbitrator. Claimants' challenge in this respect relies on the assertion that barristers chambers should be treated the same as law firms in this respect, such that Mr Gaitskell should have made disclosures of relevant professional relationships with all barristers belonging to the same chambers as Mr McMullan. This general assertion finds no basis in the materials relied upon by Claimants, and ignores the structure of barristers chambers as well as confidentiality obligations applying between members of such chambers.

Finally, on circumstance 4, Mr Gaitskell did indicate that due to – *inter alia* – confidentiality rules of the bar he is not able to verify or disclose information regarding other members of his chambers, which is disputed by Claimants who contend barristers chambers are generally identical to law firms in this respect. The Court is not persuaded that Mr Gaitskell omitted to verify and disclose information he could, and should, have verified and disclosed. Claimants' allegation that barristers chambers are identical to law firms in terms of the ability to perform conflict checks and in terms of internal obligations of confidentiality between members, is unfounded.

In light of the above, Claimants' challenge against Mr Gaitskell is rejected on the merits.

**Claimants' challenge against Mr von Wobeser**

With respect to Mr von Wobeser, Claimants allege that he:

1. Lacks the required independence and impartiality given the grounds for the challenges against Mr Gunter and Mr Gaitskell and the fact that Mr von Wobeser has been, or must have been, unduly influenced by deliberating with them.

2. Failed to disclose that he sits in an ongoing ICSID arbitration with Mr Jana, counsel for Respondent, and was arbitrator in a previous ICSID case in which Mr Jana acted as counsel, two circumstances that moreover in themselves cast reasonable doubts as to his independence and impartiality.

…/…

20910/ASM/JPA (C-20911/ASM)                                                                                    Page 10

*Admissibility of the challenge against Mr von Wobeser*

Because the respective challenges against Mr Gunter and Gaitskell are admissible, the first circumstance is equally admissible as it relies on those other challenges. As for circumstance 2, Respondent alleges the relevant information was part of the public domain and therefore could have been known long before. In the circumstances of this arbitration, the Court does not consider that Claimants should be deemed to have known of the circumstances complained of before the rendering of the Second Partial Award and thus hold the challenge to be admissible.

Thus, both circumstances relied on are admissible.

*Merits of the challenge against Mr von Wobeser*

The first circumstance invoked lacks merit, because the underlying challenges against Mr Gunter and Mr Gaitskell fail.

With respect to the second circumstance, the ICC Note states that an arbitrator should disclose professional relationships with counsel appearing in the arbitration. The case in which Mr Jana appeared before Mr von Wobeser ended in 2007, which was eight years before the current arbitration was initiated. Mr von Wobeser moreover did disclose generally that over the years he had had and has professional relationships with the law firms to which counsel for the parties belonged. Mr von Wobeser's more recent role as arbitrator in an ICSID case sitting together with Mr Jana should have been disclosed as a professional relationship pursuant to the ICC Note.

It is noted that Mr von Wobeser is Claimants' appointed arbitrator in this arbitration, while Mr Jana is counsel for Respondent. Regardless of whether or not Mr von Wobeser should have specifically disclosed his role as arbitrator together with Mr Jana, the Court does not consider that role to be such that it calls into question Mr von Wobeser's continued independence or impartiality. The case concluded in 2007 where Mr Jana appeared before Mr von Wobeser is not of relevance in the Court's view considering the long time period that had passed when Mr von Wobeser was appointed in the present arbitration.

In light of the above, Claimants' challenge against Mr von Wobeser is rejected on the merits.

**Conclusion**

For the reasons stated above, the Court deems all challenges admissible, and rejects them all on the merits.

Yours faithfully,

Juan Pablo Argentato
Counsel
Secretariat of the ICC International Court of Arbitration